**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **JOE DEREK CARR** | § | |
| | § | |
| **V.** | § | **A-18-CV-777-LY** |
| | § | |
| **LORIE DAVIS** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1). Petitioner, proceeding pro se, has paid the applicable filing fee. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

**I.  STATEMENT OF THE CASE**

**A.     Petitioner's Criminal History**

Petitioner was convicted of tampering with evidence and murder and was sentenced to concurrent 20 and 60 years terms of imprisonment. Carr v. State, Nos. 03-14-00234-CR and 03-14-00235-CR, 2016 WL 465192 at, *1 (Tex. App. – Austin 2016, pet. ref'd).  The Third Court of Appeals affirmed Petitioner's convictions and sentences on February 5, 2016.  Id.  The Court of

Criminal Appeals refused his petition for discretionary review on June 8, 2016. <u>Carr v. State</u>, No. PD-0135-16.

Petitioner also challenged his conviction in three state applications for habeas corpus relief. The first was filed before mandate issued and was dismissed on August 24, 2016. <u>Ex parte Carr</u>, Appl. No. 85,523-01. Petitioner filed his second on or about August 15, 2016. The Texas Court of Criminal Appeals denied it without written order on the findings of the trial court on September 28, 2016. <u>Ex parte Carr</u>, Appl. No. 85,523-02. While his second application was pending, Petitioner executed his third application on September 7, 2016. The Texas Court of Criminal Appeals denied the third application without written order on November 16, 2016. <u>Ex parte Carr</u>, Appl. No. 85,523-03.

**B.      Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.      There were evidence errors in the chain of custody, violating his due process rights;

2.      He's actually innocent;

3.      His sentence was excessive; and

4.      The actual cause of death was introduced at Petitioner's new trial hearing when Petitioner testified, and the trial court had the responsibility to purse the stated facts for probative value.

## II.   DISCUSSION AND ANALYSIS

**A.      Statute of Limitations**

Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. <u>See</u> 28 U.S.C. § 2244(d). That section provides, in relevant part:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## B.     Application

Petitioner's conviction became final, at the latest, on September 6, 2016, at the conclusion of time during which he could have filed a petition for writ of certiorari with the United States Supreme Court. See SUP. CT. R. 13.1 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.").

Petitioner's first state application for habeas corpus relief did not toll the limitations period, because it was filed and dismissed before Petitioner's conviction was final. Petitioner's second state application for habeas corpus relief was also filed before Petitioner's conviction was final and tolled the limitations period until the Texas Court of Criminal Appeals denied it on September 28, 2016. While his second application was pending, Petitioner filed his third state application. His third application further tolled the limitations period until the Texas Court of Criminal Appeals denied

it on November 16, 2016.  Therefore, Petitioner had until November 16, 2017, to timely file his federal application.

Petitioner did not execute his federal application until August 22, 2018, more than nine months after the limitations period expired.  Petitioner argues the limitations period should be excused because he is actually innocent and he did not obtain a complete record of his case from the Texas State Library until February 20, 2018.

Petitioner may be asserting he is entitled to equitable tolling because he has had difficulty in obtaining a copy of his state court records.  The Supreme Court recently announced, the AEDPA's statute of limitations is subject to equitable tolling in proper cases.  See Holland v. Florida, 560 U.S. 631, 645 (2010).  "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'"  Mathis v. Thaler, 616 F.3d 461, 474 (5th Cir. 2010) (quoting Holland, 560 U.S. at 649) (alteration in original) (internal quotation marks omitted).  Holland defines "diligence" for these purposes as "reasonable diligence, not maximum feasible diligence." 560 U.S. at 653 (internal citations and quotation marks omitted).  The Fifth Circuit has repeatedly emphasized that equitable tolling is not available to "those who sleep on their rights."  See, e.g., Covey v. Ark. River Co., 865 F.2d 660, 662 (5th Cir. 1989).

Although the Fifth Circuit has permitted equitable tolling in certain cases, it requires a finding of "exceptional circumstances."  Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999) (finding "exceptional circumstances" in a case in which the trial court considering the petitioner's application under Section 2254 granted the petitioner several extensions of time past the AEDPA statute of limitations).  The Fifth Circuit has consistently found no

exceptional circumstances in other cases where petitioners faced non-routine logistical hurdles in submitting timely habeas applications. See Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (proceeding pro se is not a "rare and exceptional" circumstance because it is typical of those bringing a § 2254 claim); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999) (finding no exceptional circumstances where a petitioner did not learn of the AEDPA until 43 days after its passage and spent 17 days in an incapacitated psychiatric and medical condition inside the limitations period); Cantu-Tzin v. Johnson, 162 F.3d 295, 297 (5th Cir. 1998) (finding no exceptional circumstances where a petitioner showed "disdain for and lack of cooperation with state access-to-counsel procedures and the AEDPA deadline"). As the Fifth Circuit has pointed out, "Congress knew AEDPA would affect incarcerated individuals with limited access to outside information, yet it failed to provide any tolling based on possible delays in notice." Fisher, 174 F.3d at 714. The Fifth Circuit explained that equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights," and noted that "excusable neglect" does not support equitable tolling. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (quoting Rashidi v. America President Lines, 96 F.3d 124, 128 (5th Cir. 1996)). The Court finds that Petitioner's circumstances are not "rare and exceptional" in which equitable tolling is warranted. See Tiner v. Treon, 232 F.3d 210 (5th Cir. 2000) (holding allegations that the State, the district attorney, and his attorney on direct appeal would not provide inmate a copy of his state records did not constitute rare and exceptional circumstances warranting equitable tolling).

Petitioner is also contending the untimeliness of his application should be excused, because he is actually innocent. In McQuiggin v. Perkins, 133 S. Ct. 1924 (2013), the Supreme Court held

a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in Schlup v. Delo, 513 U.S. 298, 329 (1995). A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. See Schlup, 513 U.S. at 326–27 (1995); see also House v. Bell, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under Schlup). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. Bousely v. United States, 523 U.S. 614, 623–624 (1998).

In this case, Petitioner has made no valid attempt to show he was actually innocent of the crimes of which he was convicted. Petitioner simply points out he testified at his motion for new trial hearing that he did not kill the victim. Petitioner asserts he testified that the victim "asphyxiated on her own vomit" and he "did CPR & tried to save her."

In sum, Petitioner has alleged no facts showing any equitable basis exists for excusing his failure to timely file his federal habeas corpus application. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). In addition, the record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims

earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

## III. RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

**SIGNED** on September 13, 2018.

_____
MARK  LANE
UNITED STATES MAGISTRATE JUDGE